# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

CASE NO.: 16-10128-DD
_____

UNITED STATE OF AMERICA,

PLAINTIFF-APPELLEE,

v.

ERICKSON CAMPBELL,

DEFENDANT-APPELLANT.
_____

Reply Brief of the Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION
CASE NO.: 3:14-CR-000046-CAR-CHW-1
_____

Jonathan Dodson
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: jonathan_dodson@fd.org

**Certificate of Interested Persons and Corporate Disclosure Statement**

The undersigned appellate counsel of record for Defendant-Appellant, Erickson Campbell, in compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, certifies that the following listed persons and parties have an interest in the outcome of this case: [1]

> **Campbell, Erickson Meko**, Defendant-Appellant;
>
> **Dodson, Jonathan R.**, Appellate Attorney for Defendant-Appellant, Mr. Campbell, Research & Writing Specialist for the Federal Defenders of the Middle District of Georgia, Inc. (adding appellate attorney for Mr. Campbell, Defendant-Appellant);
>
> **Hunt, Christina L.**, Trial Attorney for Defendant-Appellant, Mr. Campbell, Executive Director for the Federal Defenders of the Middle District of Georgia, Inc.;
>
> **Jarrett, Tamara A.**, Trial Attorney for Plaintiff-Appellee, United States of America, Assistant United States Attorney, Middle District of Georgia;
>
> **Peterman, III, G.F.**, Acting United States Attorney, Middle District of Georgia;
>
> **Royal, C. Ashley**, United States District Judge, Middle District of

---

[1] Undersigned counsel refers to the Appellant as such or as Campbell and refers to Appellee as "the Government."

Georgia;

**Schieber, Michelle L.**, Appellate Attorney for Plaintiff-Appellee, United States of America, Assistant United States Attorney, Middle District of Georgia;

**Thorpe, Graham A.**, Trial Attorney for Plaintiff-Appellee, United States of America, Assistant United States Attorney, Middle District of Georgia;

**United States of America**, Plaintiff-Appellee;

**Vogelbaum, Martin J.**, Appellate Attorney for Defendant-Appellant, Mr. Campbell, *Former* Research & Writing Specialist for the Federal Defenders of the Middle District of Georgia, Inc.;

**Weigle, Charles H.**, United States Magistrate Judge, Middle District of Georgia; and

**Westbroek, Jared Scott**, Attorney for Defendant-Appellant, Mr. Campbell, Assistant Federal Defender for the Federal Defenders of the Middle District of Georgia, Inc.

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement ...................... 1

Table of Contents ............................................................................................................. i

Table of Authorities ....................................................................................................... ii

Argument and Citations of Authority ........................................................................... 1

    I.    MCCANNON UNCONSTITUTIONALLY EXPANDED THE STOP WITHOUT JUSTIFICATION, CONTRAVENING *RODRIGUEZ V. UNITED STATES*, 135 S. CT. 1609 (2015).     1

    II.    MCCANNON COULD NOT PULL OVER THE CAR BASED ON THE TURN SIGNAL BLINKING "TOO RAPIDLY." ................. 7

Conclusion ..................................................................................................................... 8

Certificate of Compliance ............................................................................................. 9

Certificate of Service .................................................................................................. 10

# Table of Authorities

## Cases

*Arizona v. Johnson*,
  555 U.S. 323 (2009)..................................................................................1

*Rodriguez v. United States*,
  135 S. CT. 1609 (2015)........................................................................1,2,3

*United States v Boyce*,
  351 F. 3d 1102 (2003)............................................................................6,7

*United States v. $404,905.00 in U.S. Currency*,
  182 F. 3d 643 (8th Cir. 1999) ....................................................................4

*United States v. Alexander*,
  448 F. 3d 1014 (8th Cir. 2006) ...............................................................4,5

*United States v. Evans*,
  786 F. 3d 779 (9th Cir. 2015) ....................................................................5

*United States v. Everett*,
  601 F. 3d 484 (6th Cir. 2010) ....................................................................3

*United States v. Griffin*,
  696 F. 3d 1354 (11th Cir. 2012) ................................................................3

*United States v. Morgan*,
  270 F. 3d 625 (8th Cir. 2002) ................................................................3,4

*United States v. Purcell*,
  236 F. 3d 1274 (11th Cir. 2001) ................................................................7

*United States v. Rodriguez*,
  741 F. 3d 905 (8th Cir. 2014) ................................................................5,6

*United States v. Williams*,
  808 F. 3d 238 (4th Cir. 2015) ....................................................................5

## Other Authorities

Black's Law Dictionary 390 (9th ed. 2010) ............................................................3

Jason Daley, "Meet the Zeptosecond, the Smallest Slice of Time Yet Recorded,"
   Smithsonian.com (Nov. 15, 2016) http://www.smithsonianmag.com/smart-
   news/physicists-record-smallest-slice-time-yet-180961085/ ...............................3

## Rules

11th Cir. R. 26.1-1 ........................................................................................ C1 of 2

11th Cir. R. 32-4 ....................................................................................................9

Fed. R. App. P. 26.1 ..................................................................................... C1 of 2

Fed. R. App. P. 32(a)(7)(B)(ii) ...............................................................................9

Fed. R. App. P. 32(a)(7)(C) ...................................................................................9

## Argument and Citations of Authority

I.   MCCANNON UNCONSTITUTIONALLY EXPANDED THE STOP WITHOUT JUSTIFICATION, CONTRAVENING *RODRIGUEZ V. UNITED STATES*, 135 S. CT. 1609 (2015).

Campbell makes two arguments that the officer unconstitutionally prolonged his traffic stop. First, just before he completed the traffic warning, the officer asked Campbell whether he possessed a laundry list of contraband items, extending his stop thirty-five seconds without justification. This Court may find the stop unlawful on this basis without having to consider whether the officer otherwise conducted the stop expeditiously. Second, the district court abused its discretion in discounting several other instances in which McCannon strayed from the traffic investigation, deciding McCannon's questions were "ordinary inquires incident to the [traffic stop.]" R 42 (order denying motion to suppress) at 15.[2] In total, therefore, the officer "measurably extended" the stop for several minutes for reasons unrelated to its mission and unjustified by officer safety. *Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

The Government argues "Campbell's interpretation of *Rodriguez* is unreasonable, and constrains law enforcement in a manner never intended by the Court." Appellee brief at 20. To clarify, Campbell does not argue "an officer may not make eye contact with a motorist while writing a citation." *Id*. He does not

---

[2] Undersigned counsel cites the electronic record (CM/ECF) as "R # at #."

1

contend that an officer may never pause to retrieve his coat. He does not claim the officer cannot ask routine questions. And he does not contend that anything the officer did or said, literally *while* he was writing the warning ticket prolonged the stop.

Rather, Campbell noted each action on the part of the officer that did not strictly further the mission of his traffic stop, and aggregated the time that elapsed during these actions, to get a measure of the officer's diligence. Principal Brief at 20-21. While it may seem persnickety to include, among other delays, the officer's retrieving his coat, or the time that elapsed when he stopped writing his citation and looked at Campbell, "how could diligence be gauged other than by noting what the officer actually did and how he did it?" *Rodriguez*, 135 S. Ct. at 1616. An officer might understandably expect some leeway to make very minor detours from the mission of the stop, but neither the officer nor the courts should lose sight of the liberty interest at stake, and the constitutional imperative of completing the stop without unwarranted delay. After all, being seized by armed law enforcement on the side of a road is not a trivial matter.

Hence the Court in *Rodriguez* rejected the Eighth Circuit's "*de minimis* rule," and required a more exacting review of an officer's conduct in determining when a stop "reasonably should have been – completed." *Id*. at 1614. It would seem that in rejecting a *de minimis* rule, the Court necessarily adopted a " 'bright-

2

line no prolongation rule.' " *United States v. Griffin*, 696 F. 3d 1354, 1362 (11th Cir. 2012) (quoting *United States v. Everett*, 601 F. 3d 484, 492 (6th Cir. 2010)). Black's Law Dictionary defines "*de minimis*" as "[t]rifling; minimal," or "so insignificant that a court may overlook it in deciding an issue or case." Black's Law Dictionary 390 (9th ed. 2010). Of course some interval of time must be insignificant. It would be impractical to apply the literal definition of measurable – capable of being measured – to miniscule intervals of detention, in determining the permissible scope of a traffic stop.[3] And it would be unreasonable under the Fourth Amendment to invalidate a traffic stop extended by a fraction of a second while an officer sneezed.

Still, the language in *Rodriguez* suggests a rigid approach. "The critical question," the Court concluded, "is not whether the dog sniff occurs before or after the officer issues a ticket, . . ., but whether conducting the sniff 'prolongs' – *i.e.*, adds time to – 'the stop[.]' " *Rodriguez*, 135 S. Ct. at 1616. One way of understanding how much time is constitutionally significant under *Rodriguez* is to consider the cases the *Rodriguez* Court explicitly abrogated: *United States v. Morgan*, 270 F. 3d 625 (8th Cir. 2002), *United States v. $404,905.00 in U.S.*

---

[3] The smallest "measurable" interval of time very recently became a "zeptosecond," which is a trillionth of a billionth of a second. *See* Jason Daley, "Meet the Zeptosecond, the Smallest Slice of Time Yet Recorded," Smithsonian.com (Nov. 15, 2016) http://www.smithsonianmag.com/smart-news/physicists-record-smallest-slice-time-yet-180961085/

3

*Currency*, 182 F. 3d 643 (8th Cir. 1999), and *United States v. Alexander*, 448 F. 3d 1014 (8th Cir. 2006). These cases provide examples of intervals of time that the Eighth Circuit believed were *de minimis*, but the Supreme Court did not.

The civil forfeiture case arose from a traffic stop of a U-Haul truck in which the officer found drug-tainted money. *$404,905.00 in U.S. Currency*, 182 F. 3d at 645. The officer pulled the truck for speeding, and took five to eight minutes to inspect his driver's license, vehicle registration, and U-Haul papers. *Id*. at 646. At this point, without returning the documents, he commenced a canine sniff. *Id*. After thirty seconds the dog alerted. *Id*. The Eighth Circuit agreed the traffic stop was complete before the dog sniff began, but found the thirty second extension of the stop was negligible, as the officer's "conduct on the whole was not constitutionally unreasonable." *Id*. at 649.

*Morgan*, 270 F. 3d at 627, involved similar circumstances. There, the officer had returned the driver's documents before initiating a conversation that culminated in a decision to conduct a dog sniff. *Id*. at 628. The Eighth Circuit reasoned "[t]he exact number of minutes is uncertain, but Goltz testified that 'well under ten minutes' passed between the end of his conversation with Morgan and the dog alerting to the marijuana." *Id*. at 632. It concluded "[w]e do not believe that the few minutes' difference between the time in this case and *$404,905* has constitutional significance." *Id*. In *Alexander*, 448 F. 3d at 1017, the Eighth Circuit

4

affirmed when the officer extended Alexander's detention for "[a]t most . . . four minutes," to conduct a dog sniff. In *United States v. Rodriguez*, 741 F. 3d 905 (8th Cir. 2014), the case the Supreme Court later overruled, the Eighth Circuit found a "seven- or eight-minute delay" was *de minimis*. Hence, in abrogating the Eighth Circuit's rule, the Supreme Court indicated it would not authorize delays of thirty seconds to eight minutes as "*de minimis*."

    At least two Circuit Courts have found a stop unconstitutional based on *Rodriguez*. In *United States v. Evans*, 786 F. 3d 779, 781-82 (9th Cir. 2015), officers tracked a cell phone used by a suspected drug dealer to a hotel room, and waited there for the target to leave in his car. When he did, officers followed and ultimately pulled the car for making an improper lane change and following too closely. *Id*. at 782. As part of the traffic investigation, the officers "performed vehicle records and warrants checks, . . . ." *Id*. at 786. "*After* completing those record checks, [an officer] then requested an additional one – an ex-felon registration check on Evans," which took about eight minutes. *Id*. at 786-87 (italics in original.) The Ninth Circuit reversed, as the ex-felon registration check "was wholly unrelated to [the officer's] 'mission' of 'ensuring that vehicles on the road are operated safely and responsibly.'" *Id*. at 786 (quoting *Rodriguez*, 135 S. Ct. at 1615). In *United States v. Williams*, 808 F. 3d 238 (4th Cir. 2015), officers extended a traffic stop for three minutes to conduct a dog sniff. The Fourth Circuit

5

found the prolongation was unjustified without reasonable suspicion. Consistent with *Rodriguez*, this Court found in *United States v Boyce*, 351 F. 3d 1102, 1107 (2003), that a criminal history check which an officer requested "several minutes after he had written a warning" "could not be part of the original traffic stop investigation and could not be the basis for prolonging Boyce's detention."

Here, thirty-five seconds elapsed while the officer asked about possible contraband, without reasonable suspicion. This is approximately the interval in *$404,905* which the Eighth Circuit held was a *de minimis* intrusion, and which the Supreme Court abrogated.

Moreover, as outlined in the principal brief, the officer took several other detours from the traffic investigation prior to completing Campbell's warning. The district court may not have abused its discretion in deeming some of the questions "ordinary inquiries incident to the traffic stop." *Rodriguez*, 135 S. Ct. at 1615. But this Court has found such "inquiries typically involve checking the driver's license, determining whether there are outstanding warrants, and inspecting registration and insurance documents." *United States v. Asghedom*, 646 Fed. Appx. 830, 834 (11th Cir. Oct. 3, 2016) (unpublished). Officer McCannon spent 23 seconds, and later another 38 seconds, asking Campbell about his Augusta destination, which the Government calls "classic context-framing questions." Appellee brief at 19. However routine, the questions should still be relevant to the mission, and the

6

relevance of Campbell's destination to his turn signal is elusive. *Cf. Boyce*, 351 F. 3d at 1107 (distinguishing permissible "routine computer check" that occurred as part of traffic investigation in *United States v. Purcell,* 236 F. 3d 1274 (11th Cir. 2001), from computer check initiated after completing traffic investigation). Even accepting that an officer may ask "routine" questions about Campbell's destination, Officer McCannon spent an inordinate amount of time on the subject.

In sum, Officer McCannon did not complete the warning expeditiously. While some of his detours may have been individually insignificant, or even justified as an "ordinary inquir[y] incident to the traffic stop," in the aggregate they added several minutes to the stop. This unwarranted extension of Campbell's seizure is materially indistinguishable from those the Supreme Court indicated were constitutionally significant in overruling the Eighth Amendment's *de minimis* rule.

II.    MCCANNON COULD NOT PULL OVER THE CAR BASED ON THE TURN SIGNAL BLINKING "TOO RAPIDLY."

Campbell relies on his principal brief for argument under this point heading.

## Conclusion

For the foregoing reasons, this Court should reverse the Erickson Campbell's conviction and the District Court's order denying his motion to suppress and remand for further proceedings.

Dated this 23rd day of November, 2016.

*s/ Jonathan Dodson*
JONATHAN DODSON
FL State Bar No.  0050177
Appellate Counsel for Mr. Erickson Campbell
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel:  (478) 743-4747; Fax:  (478) 207-3419
E-mail:  jonathan_dodson@fd.org

8

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(a)(7)(C), I, Jonathan Dodson, appellate counsel for Mr. Erickson Campbell, hereby certify that the number of words in this brief, as counted by the Microsoft Office Word 2007-processing system, according to the method described in 11th Cir. R. 32-4, is **1,709** words, which is less than the 7,000 allowed for appellate briefs by Fed. R. App. P. 32(a)(7)(B)(ii).

## Certificate of Service

I, Jonathan Dodson, appellate counsel of record for the Appellant, Mr. Erickson Campbell, hereby certify that I have, on this 23rd day of November, 2016, filed the foregoing *Reply Brief of the Appellant* with the Clerk of Court using the Eleventh Circuit's CM/ECF system, which will send electronic notification of filing to counsel of record.

I also certify that I caused a copy of the foregoing *Reply Brief of the Appellant* to be served in paper format upon the following, by placing a copy of the same in the United States Mail, postage prepaid, addressed to: Mr. Erickson Meko Campbell, 95 Pleasant Valley Road, McDonough, Georgia 30523.

I further certify that, on the date set forth above, I caused the foregoing submission to be dispatched for filing with the Clerk of Court by Federal Express overnight delivery.

*s/ Jonathan Dodson*
JONATHAN DODSON
FL State Bar No. 0050177
Appellate Counsel for Mr. Erickson Campbell
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747; Fax: (478) 207-3419
E-mail: jonathan_dodson@fd.org

10